5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frances L. KEISER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3162.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1993.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 DECISION
 Petitioner Frances L. Keiser seeks review of the December 31, 1992 decision of the Merit Systems Protection Board, Docket No. CH-0831-92-0627-I-1. Because petitioner did not qualify for a survivor annuity, this court affirms.
 OPINION
 Ms. Keiser seeks a survivor annuity under the Civil Service Retirement System (CSRS) as the former spouse of a deceased civil service annuitant. Petitioner's twenty-five year marriage to Irving Keiser ended in 1969. Mr. Keiser retired from his employment as a Government entomologist before May 7, 1985 and died on July 3, 1991. He did not elect a survivor annuity for petitioner.
 
 
 1
 On March 18, 1992, Ms. Keiser requested a survivor annuity. A former spouse of a retiree who retired before May 7, 1985 may receive annuity benefits only if the former spouse files an application for benefits with the Office of Personnel Management "on or before May 7, 1989." 5 U.S.C. Sec. 8341 note (1988). Because Ms. Keiser applied nearly three years late, both the Office of Personnel Management and the Board denied her claim.
 
 
 2
 Ms. Keiser argues that neither the Government nor her late husband notified her that she was eligible for a survivor's annuity. Due to advancing age and deteriorating health, Ms. Keiser seeks an equitable tolling of the deadline for the survivor annuity application.
 
 
 3
 This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 "The 1989 deadline serve[s] as the endpoint of the definite time period in which Congress would permit a specific class of potential annuitants to file applications." Iacono v. Office of Personnel Management, 974 F.2d 1326, 1328 (Fed.Cir.1992). Equitable tolling does not apply to a time limit that serves as a cutoff. See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 111 S.Ct. 2773, 2782 (1991). Therefore, this court cannot equitably toll the filing deadline in the Spouse Equity Act. Iacono, 974 F.2d at 1328. The Board correctly stated the facts and law. Accordingly, this court affirms.